**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3348
_____

KEVIN TUNG, on behalf of himself and all others similarly situated,
Appellant

v.

SUPERIOR COURT OF NEW JERSEY; STUART RABNER, Chief Justice of the
Supreme Court of New Jersey; GLENN A. GRANT, Acting Administrative
Director of the New Jersey Courts; CARMEN MESSANO, Presiding Judge for
Administration for the Appellate Division; JOHN/JANE DOE, Administrators of the
New Jersey Superior Court

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:19-cv-00871)
District Judge: Honorable Michael A. Shipp

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 9, 2021

Before: AMBRO, JORDAN, and BIBAS, *Circuit Judges*

(Filed: July 28, 2021)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Not every wrong has a federal remedy. A state court criticized lawyer Kevin Tung. Tung claims that this criticism violated due process. But he is suing New Jersey officials in their official capacities, so he must allege that they *continue* to violate his rights. Because he has not done so, we will affirm the District Court's dismissal.

In 2009, Tung represented Janet Fou in her New Jersey divorce case—or so it seemed. Two years later, Janet challenged the divorce in New Jersey state court, claiming that Tung had worked for her ex-husband Joe all along. Even though Tung had represented her, he had been hired by Joe and dealt mostly with him. And though she had signed four agreements with Joe written in Mandarin, she claimed, the English property settlement filed by Tung differed substantially from the Chinese originals.

The judge hearing Janet's challenge sided with her and voided the original judgment. Ruling from the bench, he slammed Tung, suggesting that by "represent[ing] both sides," he had failed in his duty to protect Janet. App. 8. The "illusion of independent counsel," he found, was "grossly misleading." *Id.* And he observed that submitting the property settlement was "a fraud upon the court." *Id.* But the judge never said whether the fraudster was Tung or Joe.

Tung, a New Yorker, now sues New Jersey's Chief Justice and other New Jersey court administrators in their official capacities. Before the judge lambasted him, he claims, he should have had a chance to defend himself. He seeks a declaration that the judge's criticisms were unconstitutional and further seeks an injunction mandating safeguards before future judicial criticisms.

The District Court dismissed, ruling that sovereign immunity shields the defendants. We review de novo. *Maliandi v. Montclair State Univ*., 845 F.3d 77, 82 (3d Cir. 2016).

The Eleventh Amendment bars federal lawsuits "against one of the United States by Citizens of another State." U.S. Const. amend. XI. Out-of-staters cannot dodge this bar by suing state officials in lieu of the states themselves. *Ex parte New York*, 256 U.S. 490, 500−01 (1921). Defendants are officials of the State of New Jersey. They are sued by Tung, a New Yorker. So the text of the Amendment commands dismissal.

True, a "narrow exception" lets plaintiffs sue state officials to stop ongoing violations of federal law. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996); *see Ex parte Young*, 209 U.S. 123, 155−56 (1908). But this case does not fit that exception. The judge criticized him years ago. Any violation is over and done.

Tung claims the violation is ongoing because the criticism still stings. Yet *Ex parte Young*'s exception is limited to ongoing *violations*, not ongoing effects. Imagine that the police unconstitutionally searched a man's home, sparking gossip among his nosy neighbors. They might shun him for a time, even after he was cleared of all charges. No one would say that the police continue to search his home just because his embarrassment endures. So too here. Even if Tung feels lasting shame, any deprivation of process ended years ago.

Finally, Tung faults the defendants for not adopting safeguards to prevent similar situations in the future. But he does not allege that he is likely to be criticized again. Because no alleged violation is ongoing, *Ex parte Young* cannot rescue him from the Eleventh Amendment's bar. So we will affirm the District Court's dismissal.